No. 98-627

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 209N

IN RE THE GREAT-GRANDPARENT/

GREAT-GRANCHILD CONTACT OF

DESTINIE ROSE

KATHERYN M. KELLY,

Petitioner/Appellant,

and

JEFFREY SCOTT ROSE,

Respondent/Respondent.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark P. Yeshe, Attorney at Law; Helena, Montana

For Respondent:

Charles A. Smith, Attorney at Law; Helena, Montana

Submitted on Briefs: March 25, 1999

Decided: September 9, 1999

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶ Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶ Katheryn M. Kelly appeals from the June 11, 1998 Memorandum and Order and the September 16, 1998 Memorandum and Order entered by the District Court for the First Judicial District, Lewis and Clark County. In its June 11, 1998 Memorandum and Order, the District Court dismissed Kelly's Petition for Determination of Great-Grandparent/ Great-Grandchild Contact due to Kelly's lack of standing. Following the entry of the June

11, 1998 Memorandum and Order, Kelly filed a Motion to Amend; Motion for a New Trial; Motion to Alter or Amend Judgment; and Motion for Relief from Order and Memorandum. Each of Kelly's motions was denied on the basis of her lack of standing by the District Court in its September 16, 1998 Memorandum and Order.

¶ The dispositive issue on appeal is whether the District Court erred when it dismissed Kelly's petition for great-grandparent contact for lack of standing. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ On December 18, 1997, Katheryn Kelly filed a Petition for Determination of Great-Grandparent/Great-Grandchild Contact with regard to her great-granddaughter, Destinie Rose. Kelly lives in Port Angeles, Washington, where Destinie had resided with her from the age of eight months to three and one-half years. Destinie presently lives in Helena, Montana with her natural father, Jeffrey Scott Rose. Destinie's natural mother, Doris Valerie Rose, fled the State of Montana in the fall of 1997 after walking away from the Pre-Release Center in Butte, where she had been sentenced for two felony DUI convictions, and has had no contact with her daughter. Kelly is seeking regularly scheduled contact with Destinie to occur at her residence in Washington.

¶ Jeffrey Scott Rose moved to dismiss Kelly's petition for failure to state a claim upon which relief could be granted on the basis that §§ 40-9-101 and -102, MCA, only allow a court to grant reasonable contact of a child with a grandparent, not a great-grandparent. Kelly responded to Scott's motion by stating that her petition was not brought under the grandparent visitation statutes but that those statutes supplied the standard for the determination of contact, the best interest of the child. Kelly argued that the District Court may grant contact only upon a finding, after a hearing, that contact would be in the best interest of the child.

¶ In addition, Kelly referred to § 40-4-221(2)(f), MCA, relating to the determination of a child's care upon the death of a parent in an attempt to obtain standing to institute a parenting plan under §§ 40-4-233 and -234, MCA, by analogizing the disappearance of Destinie's mother to the death of a parent. Kelly, a Native American, also asked the District Court to consider the Indian Child Welfare Act (ICWA) 25 U.S.C. § 1901, et seq., as authority to grant contact.

¶ The District Court disagreed with Kelly's arguments and dismissed her petition for

contact based on her lack of standing. In reaching its decision, the District Court correctly pointed out that § 40-4-211(4)(b), MCA, only allows a person other than a parent to commence a parenting proceeding if the child is not physically residing with one of the child's parents. Further, the District Court declined Kelly's request to extend § 40-4-221(2)(f), MCA, to the disappearance of a parent. The District Court also refused to consider ICWA since this was not a custody proceeding and Kelly lacked standing to initiate such a proceeding. Kelly does not raise consideration of ICWA on appeal.

¶ Following entry of the District Court's order, Kelly made a motion to amend; motion for a new trial; motion to alter or amend judgment; and motion for relief from order. The District Court denied Kelly's motions because she lacked standing to bring the action.

## DISCUSSION

¶ Did the District Court err when it dismissed Kelly's petition for great-grandparent contact for lack of standing?

¶ The District Court dismissed Kelly's petition for great-grandparent contact based on its conclusion that Kelly lacked standing to bring such an action. We review a district court's conclusions of law to determine whether they are correct. *Matter of Estate of Alcorn* (1994), 263 Mont. 353, 355, 868 P.2d 629, 630.

¶ This Court's examination of standing involves:

[W]hether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. Furthermore, when standing is placed at issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable.

*Gryczan v. State* (1997), 283 Mont. 433, 442, 942 P.2d 112, 118 (citations omitted). Kelly argues that the question of standing to bring an action for contact with a child is not resolved only by statute. Kelly suggests that a court should look beyond the statutes if they do not apply to the facts before it and conduct a hearing to determine whether the contact sought would be in the best interest of the child.

¶ Kelly also argues that the District Court erred when it failed to conduct a hearing to determine whether the contact sought would be in the best interest of the child. Kelly is

seeking visitation with her great-granddaughter based on a period of over two years where the child resided with her.

¶ Kelly urges us to look past the issue of whether a matter is properly before the court and proceed to render a determination on the merits. However, to do so would ignore the constitutional principle of standing. *Gryczan*, 283 Mont. at 440-46, 942 P.2d at 117-20.

¶ "Under the common law, grandparents had no right to visit their grandchildren without parental consent." *Kanvick v. Reilly* (1988), 233 Mont. 324, 327, 760 P.2d 743, 745 (citation omitted). In 1979, the Montana Legislature established a procedure under

§ 40-9-102, MCA, for a grandparent to seek contact with a grandchild. Section 40-9-102, MCA, provides:

(1) [T]he district court may grant to a grandparent of a child reasonable rights to contact with the child . . . .

(2) Grandparent-grandchild contact granted under this section may be granted only upon a finding by the court, after a hearing, that the contact would be in the best interest of the child.

The legislature has clearly limited those persons to whom visitation rights may be granted to grandparents. In view of this limitation, the Court declines to expand the category, and leaves that to the legislature if they elect so to do. As such, we conclude that Kelly, a great-grandparent, lacks standing to petition the court for contact with her great-granddaughter. Neither common law nor statutes provides Kelly with standing to bring an action for contact with her great-granddaughter, who resides with her natural father.

¶ Therefore, we conclude that the District Court did not err when it dismissed Kelly's Petition for Determination of Great-Grandparent/Great-Grandchild Contact nor when it denied Kelly's Motion to Amend; Motion for a New Trial; Motion to Alter or Amend Judgment; Motion for Relief from Order and Memorandum based on Kelly's lack of standing.

¶ Affirmed.

/S/ JIM REGNIER

No

We Concur:

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART